UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

MAURICE BOYD, :
        Petitioner, :
 :
    v. : No. 2:19-cv-6054
 :
SUPERINTENDENT THERESA DELBASO, :
THE DISTRICT ATTORNEY FOR THE :
COUNTY OF PHILADELPHIA, and THE :
ATTORNEY GENERAL OF THE STATE OF :
PENNSYLVANIA, :
        Respondents. :
_____

**O P I N I O N**

**Uncontested Report and Recommendation, ECF No. 19—Approved & Adopted**

**JOSEPH F. LEESON, JR.**                                                                May 4, 2021
**United States District Judge**

**I.**     **INTRODUCTION & BACKGROUND**

On December 20, 2019, Maurice Boyd filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. *See* ECF No. 2. In his petition, Boyd challenges the legality of his conviction for first-degree murder and his subsequent sentence to a life term of incarceration.[1] *See id.* Boyd grounds his challenge on an assertion that he is actually innocent, on an alleged violation of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and on a claim of ineffective assistance of counsel. *See id.* On March 24, 2020, the Undersigned referred Boyd's habeas petition to Magistrate Judge Carol Sandra Moore Wells for a Report and Recommendation ("R&R"). *See* ECF No. 9. After being granted several extensions of time to

---

[1] On July 16, 1987, Boyd was convicted of first-degree murder and other crimes in connection with the death of Adriane Jardine, for which he is serving a life sentence.

do so, Respondents filed their response in opposition to Boyd's petition on October 2, 2020. *See* ECF No. 17.

On December 4, 2020, Judge Wells issued an R&R in which she recommends that Boyd's habeas petition be denied and dismissed. *See* ECF No. 19. Specifically, Judge Wells finds that (1) Boyd's ineffective assistance of counsel claim is time-barred; (2) Boyd's claim of actual innocence based on newly discovered evidence, which could conceivably allow Boyd to circumvent the one-year statute of limitations for habeas claims, is without merit as he does not present new, reliable evidence inconsistent with his guilt; and (3) Boyd's alleged *Brady* violation lacks merit, as (a) the evidence Boyd argues was unlawfully suppressed—the same purported evidence on which Boyd grounds his actual innocence claim—is inculpatory rather than exculpatory, and (b) Boyd fails to demonstrate that the allegedly suppressed evidence was in fact provided to police following the underlying crime. *See id*. Judge Wells further recommends that no Certificate of Appealability be issued. *See id.*

The R&R was subsequently mailed to Boyd on December 15, 2020. On January 4, 2021, Boyd filed a motion seeking an extension of ninety days of the deadline to file objections to the R&R. *See* ECF No. 20. On January 5, 2021, the Court granted Boyd's motion and set a deadline to file objections to the R&R of March 29, 2021. *See* ECF No. 21. To date, the Court has not received any objections to the R&R.

## II. STANDARD OF REVIEW

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report—either de novo or under any other standard. *Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to

which no objections are filed."). Nevertheless, the United States Court of Appeals for the Third Circuit has held that, notwithstanding the absence of objections, it is "better practice" to afford some level of review to dispositive legal issues raised in a Magistrate Judge's report. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987). Where no party objects to the findings and recommendations of a Magistrate Judge's report, the district court reviews the report for clear error. *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (quoting FED. R. CIV. P. 72(b), advisory committee notes)); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (explaining that in the absence of a timely objection, the court should review the magistrate judge's report and recommendation for clear error).

## III. DISCUSSION

In the absence of objections, this Court has reviewed Judge Wells's R&R for plain error and has found none. The R&R outlines the factual and procedural history of this case prior to addressing the statute of limitations applicable to habeas claims, as well as the legal principles governing equitable tolling and the actual innocence exception to a time-barred habeas claim. *See* R&R at 1-6.

The Court finds no error with Judge Wells's conclusion that the statute of limitations governing any ineffective assistance of counsel claim expired on April 24, 2000 (one-year following the date on which the time expired for Boyd to seek an appeal of the dismissal of his state post-conviction proceedings). *See id*. at 4. The Court therefore agrees with Judge Wells that Boyd's ineffective assistance of counsel claim is time-barred. *See id.*

The Court moreover finds no error with Judge Wells's conclusion that neither equitable tolling nor the actual innocence exception to the one-year statute of limitations based on newly discovered evidence is applicable to Boyd's circumstances. *See id*. at 4-6. Regarding equitable tolling, Boyd has made no effort to establish his diligence in pursing his ineffective assistance claim, nor has he identified any extraordinary circumstances that prevented timely filing. *See id.* at 4. Regarding his claim of actual innocence based on newly discovered evidence, the affidavit of Darryl Williams on which Boyd relies does not exonerate Boyd; rather, it is consistent with the facts presented at trial and therefore cannot constitute new, reliable evidence of Boyd's actual innocence. *See id*. at 5-6.

The Court also finds no error with Judge Wells's conclusion that Boyd's *Brady* claim lacks merit. Because the purportedly undisclosed evidence Boyd points to—the alleged eyewitness account of Darryl Williams as set forth in his affidavit—is not exculpatory and rather is consistent with Boyd's guilt, it is not "favorable" to Boyd and there can be no *Brady* violation accordingly. *See id*. at 6-7. Additionally, Boyd has not demonstrated that Williams actually provided any statement to police at the time of the underlying crime which the police then withheld from Boyd. *See id*. at 7.

Finally, the Court finds that reasonable jurists would not disagree that Boyd's ineffective assistance claim is time-barred, as well as that his actual innocence and *Brady* claims are without merit. Boyd is therefore not entitled to a Certificate of Appealability. *See id*. at 7-8.

IV.  **CONCLUSION**

After review and in the absence of objections, this Court now adopts the findings and recommendations of Judge Wells's well-reasoned and thorough R&R. Boyd's habeas corpus

petition is therefore denied and dismissed, with prejudice. Moreover, Boyd is not entitled to either an evidentiary hearing or a Certificate of Appealability.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge